UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gary Whitmore (#B-11545), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 8724 |
| v. | ) | |
| | ) | Hon. John Z. Lee |
| Cook County State's Attorney Anita Alvarez, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an Illinois state prisoner, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, the Cook County State's Attorney, violated his constitutional rights by denying him due process. More specifically, Plaintiff alleges that Defendant has wrongfully refused to release crime scene evidence Plaintiff wishes to have forensically tested. This cause is before the Court for ruling on Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. For the reasons stated in this order, the motion is granted.

**I.      MOTION TO DISMISS STANDARDS**

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (internal citations omitted); *SRT Enters., Inc. v. Direct Energy Bus., LLC*, No. 11 C 4933, 2011 WL 6379303, at *3 (N.D. Ill. Dec. 20, 2011) (internal citations omitted). The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion only in that the court is not limited to the

1

jurisdictional contentions asserted in the complaint, but may consider other evidence submitted to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (internal citations omitted). When considering challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Patel v. City of Chi.*, 383 F.3d 569, 572 (7th Cir. 2004).

In ruling upon a Rule 12(b)(6) motion to dismiss, federal courts must accept as true all well-pleaded facts alleged in the complaint and construe all reasonable inferences in favor of the non-moving party. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted). In order to state a valid claim, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to allege "'detailed factual allegations,'" but must plead facts that, when "'accepted as true . . . state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to determine whether a complaint meets this standard, the "reviewing court draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the actions alleged. *Id.*

II.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In January 1997, Jeffrey Warden was found dead inside of his girlfriend's home. (Compl. ¶ 4.) Evidence the Chicago police collected at the crime scene included a cloth hood from a jacket, a baseball cap, two knitted hats, and a black ski mask. (*Id.* ¶ 5.) Plaintiff was arrested and prosecuted for multiple offenses, including first-degree murder, attempted first-degree murder, and home invasion. (*Id.* ¶ 4; Def.'s Ex. 1, *People v. Whitmore*, No. 01-06-1617, slip op. at 1 (Ill. App. Ct. Jun. 17, 2008) (unpublished).)

Plaintiff's first trial ended in a mistrial. (Def.'s Ex. 1 at 1 n. 1.) A jury rendered a guilty verdict at a second trial, but the conviction was reversed. (*Id.* at 1-2.)

In July 2004, Plaintiff was convicted again of murder, attempted murder, and home invasion following a bench trial. (*Id.* at 2.) Plaintiff was sentenced to a total of 140 years' imprisonment. (*Id.*) The Illinois Appellate Court affirmed the second conviction. (*Id.*)

After Plaintiff was found guilty of the charges the first time, the Circuit Court entered an impounding order. (Def.'s Ex. 3, Impounding Order in Case No. 99 CR 15260 (Cook County Circuit Court).) Pursuant to the impounding order, the evidence used at trial was turned over to the Circuit Clerk. (*Id.*) The evidence was impounded again upon Plaintiff's retrial and re-conviction. (Def.'s Ex. 1 at 4.)

On April 6, 2008, Plaintiff filed a *pro se* motion in state court pursuant to 725 Ill. Comp. Stat. § 5/116-3 seeking DNA testing of the ski mask recovered at the crime scene. (*Id.* at 3.) Under that statute, a convict may move for "fingerprint, Integrated Ballistic Identification System, or forensic DNA testing . . . on evidence that was secured in relation to the trial which resulted in his or her conviction." 725 Ill. Comp. Stat. § 5/116-3(a) (2010). The convict must show either that (1) the evidence was not subject to the

3

requested testing at the time of trial, or (2) a new method of testing being sought was not scientifically available at the time of trial and would provide a reasonable likelihood of more probative results. *Id.* 5/116-3(a)(1), (2).[1] The convict must also present a *prima facie* case that: (1) identity was the issue in the trial which resulted in the conviction; and (2) the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been "substituted, tampered with, replaced, or altered in any material respect." *Id.* 5/116-3(b).

The trial court denied the motion, finding that (1) the type of DNA testing sought was available at the time of the trial, and (2) there were problems with the chain of custody of the ski mask because it was "in an unsealed condition" and had been handled by an "indeterminate number of people" throughout the course of ten years and two trials. (Def.'s Ex. 1 at 5; Dkt. 21, Ex. 2 (Excerpt from Defendant's Production of Documents) ¶¶ 37-41.) The Illinois Appellate Court affirmed the trial court's denial of Plaintiff's motion for DNA testing in June 2008, agreeing that the short tandem repeat-based, polymerase chain reaction ("PCR") testing Plaintiff was seeking was "available and accepted by the scientific community at the time of [his] 2000 and 2004 trials." (Def.'s Ex. 1 at 8-9.)

At the same time he was seeking relief in the state court system, Plaintiff filed a *pro se* complaint in federal court seeking access to the mask for DNA testing. *See Whitmore v. Devine*, Case No. 08 C 2336 (N.D. Ill.) (initiated on April 24, 2008). Judge Leinenweber granted the State's motion to dismiss the complaint for lack of subject matter jurisdiction. *See* 2/3/09 Minute Order (ruling that the *Rooker-Feldman* doctrine

---

[1] The language of the governing statute has been slightly modified since Plaintiff filed his first post-conviction motion. The 2006 version of the statute required a showing that the DNA testing procedures sought were unavailable at the time of trial. (*See* Def.'s Ex. 1 at 7.)

or, in the alternative, *res judicata* barred Plaintiff's claim and observing, in any case, that the Cook County State's Attorney had no possession or control over the impounded evidence). Plaintiff did not appeal the dismissal.

In April 2010, Plaintiff filed an amended *pro se* motion in state court for post-conviction DNA testing of the ski mask. *People v. Whitmore*, No. 1-10-2084, 2012 Ill. App. Lexis 230, at *1 (Feb. 6, 2012). The Circuit Court denied the renewed motion. (*Id.*) The Illinois Appellate Court affirmed, holding that "we do not believe that an absence of Whitmore's DNA on the recovered ski mask would advance his claim that he was not present at the crime scene." (*Id.* at 2-3.) In determining that DNA testing would do little to support Plaintiff's claim of innocence, the Appellate Court noted that there were two suspects who wore ski masks, so it was "quite possible" that the ski mask belonged to Plaintiff's co-defendant. (*Id.* at 3.)

The Illinois Appellate Court further observed that two of Plaintiff's victims, both of whom had known him for many years, recognized him and identified him at trial as one of the perpetrators. (*Id.* at 3-4.) One victim had known Plaintiff "practically all of his life," belonged to the same street gang, and saw him at least two to three times a day around the time of the events. (*Id.* at 3.) He recognized Plaintiff by his voice and clothing despite the mask he was wearing. (*Id.*) In fact, Plaintiff's weak effort to disguise himself made the victim think Plaintiff was "playing." (*Id.*)

The other victim testified that he saw Plaintiff wearing a rolled-up ski mask before the robbery and again later without a mask as he was leaving the home where the home invasion had occurred. (*Id.* at 4.) He had known Plaintiff and his co-defendant since they were young boys and called out their names after they shot him and ran away. (*Id.* at 4-5.) The State Appellate Court therefore concluded, "Under these circumstances,

even if the recovered ski mask tested negative for the presence of Whitmore's DNA, this would not advance his claim that he was not present at the crime scene, but would only exclude one relatively minor item from the evidence of guilt marshaled against him by the State." (*Id.* at 5) (citations omitted). The Appellate Court accordingly affirmed the trial court's denial of the motion for DNA testing. (*Id.*)

On March 7, 2011, the United States Supreme Court handed down its decision in *Skinner v. Switzer*, --- U.S. ---, 131 S. Ct. 1289 (2011). There, the Court held, *inter alia*, that the *Rooker-Feldman* doctrine did not bar the Section 1983 claim of a convicted prisoner seeking DNA testing of evidence, even where the prisoner had already sought such testing in the state court system, so long as the § 1983 claim challenged the constitutionality of the state statutes or rules that governed DNA testing and not the application of those statutes and rules to the prisoner's own case. *See id.*, 131 S. Ct. at 1297.

In December 2011, Plaintiff initiated this second federal action. Plaintiff once again claims that the Cook County State's Attorney's refusal to release the ski mask for DNA testing violates his constitutional rights. However, in an apparent effort to bring his claim under *Skinner*, Plaintiff alleges that he "does not challenge the prosecutor's conduct or the decisions reached by the trial court in applying Section 116-3 to his motion; instead, Plaintiff challenges, as denying him procedural due process, Illinois' postconviction DNA statute as construed by the Illinois courts." (Compl. at ¶ 3.)

III.  ANALYSIS

   A.  The *Rooker-Feldman* Doctrine Deprives the Court of Jurisdiction

The *Rooker-Feldman* doctrine is a jurisdictional bar that prohibits federal district courts from reviewing final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). *Rooker-Feldman* springs from the principle that district courts have only original jurisdiction; the Supreme Court alone has appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). "The *Rooker-Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Even if the state court judgment is erroneous or unconstitutional, the *Rooker-Feldman* doctrine prevents a party from seeking review of the state court judgment in a federal district court. *Gilbert*, 591 F.3d at 900; *see also Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). If the *Rooker–Feldman* doctrine applies, the court must dismiss the suit for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), *Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004), without considering any other defenses. *Taylor*, 374 F.3d at 535.

In *Skinner,* the Supreme Court distinguished between those cases where a prisoner challenges the propriety of a state court decision from those where a prisoner challenges the underlying statute or rule itself. "[A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." *Skinner*, 131 S. Ct. at 1297. *See Kansas City S. Ry. Co. v. Koeller*, 653 F.3d

7

496, 504 (7th Cir. 2011); *Hemmer v. Indiana Bd. of Animal Health*, 532 F.3d 610, 614 (7th Cir. 2008). This is because the *Rooker-Feldman* doctrine does not apply "[i]f a federal plaintiff 'present[s] [an] independent claim,'" even if the "'same or a related question' was earlier aired between the parties in state court." *Skinner*, 131 S. Ct. at 1297 (quoting *Exxon Mobil*, 544 U.S. at 292-93). *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) ("The [*Rooker-Feldman*] doctrine does not prevent state-court losers from presenting independent claims to a federal district court, even if the new claims involve questions related to those in the original state court proceedings.").

In the case at bar, Plaintiff patterned his new complaint on *Skinner*, largely copying the language from the opinion verbatim. In its motion to dismiss, Defendant argues that no matter how Plaintiff attempts to recast his claims, he essentially is seeking review or relitigation of a state court decision (actually, two separate state court decisions), and that his claims are barred by the *Rooker-Feldman* doctrine. The Court agrees.

Despite Plaintiff's contention that he is not challenging the conduct of the prosecution or the state court's decisions rejecting his earlier requests for DNA testing, the complaint, read in its entirety, does exactly that. The very first paragraph of the complaint charges Defendant Alvarez with wrongful "refusal to release the physical evidence." (Compl. ¶ 1.) The next paragraph avers that "defendant Alvarez [sic] has knowingly deprived the Plaintiff of his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence." (*Id.* ¶ 2.) Later, in paragraph 8, Plaintiff alleges that the "former defendant Devine had refused to allow Plaintiff access to physical evidence . . . for the purpose of forensic DNA

8

testing, [sic] which the trial court denied on May 23, 2006." (*Id.* ¶ 8.) Paragraph 9 alleges that the "defendant Alvarez [sic] has refused to allow Plaintiff access to physical evidence . . . for the purpose of forensic DNA testing, [sic] which the trial court denied on June 14, 2010." (*Id.* ¶ 9.) Paragraph 12 accuses Defendant Alvarez of "deliberate indifference" in her "refusal to release the physical evidence" and that such conduct "violated the Plaintiff's Right of Minimal Requirements of Procedural Due Process . . . ." (*Id.* ¶ 12.)

The sole allegation in the Complaint that would arguably place Plaintiff's claim under *Skinner* is paragraph 3, where Plaintiff claims that he "does not challenge the prosecutor's conduct or the decisions reached by the trial court in applying Section 116-3 to his motion; instead, Plaintiff challenges, as denying him procedural due process, Illinois' postconviction DNA statute as construed by the Illinois courts." (*Id.* ¶ 3.) But that is sum and substance of Plaintiff's allegations in this regard.[1] Indeed, the only relief Plaintiff seeks is for the Court to "enter mandatory injunction ordering performance of forensic DNA testing" on the ski mask along with attorneys' fees and costs. (*Id.* ¶ 6.) And, in response to Defendants' motion to dismiss, Plaintiff himself admits that his "core claim" is that "Alvarez deprived him of constitutionally liberty interests by refusing to release the physical evidence" for "forensic DNA testing . . . ." (Resp. at 10.)

Because the gravamen of Plaintiff's Complaint is assuredly a challenge to Alvarez's perceived failure to submit the ski mask for DNA testing and not the constitutionality of the Illinois statutes or rules governing DNA testing themselves,

---

[1] Although Plaintiff scatters the term "procedural due process" through his complaint, he offers no allegations as to why 725 Ill. Comp. Stat. § 5/116-3 is constitutionally infirm in this regard, particularly in light of his numerous opportunities to seek DNA testing pursuant to this statute in the state courts. Thus, to the extent that Plaintiff argues that he is asserting a constitutional challenge to the Illinois statute, his bald allegations would fall short of the pleading requirements under *Twombly* and *Iqbal*.

9

Plaintiff's present complaint seeks the same relief he sought in the state courts. Therefore, his claims do not fall within the category of § 1983 claims permitted by the Supreme Court in *Skinner* and are precluded by the *Rooker-Feldman* doctrine. This case is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted. To the extent Plaintiff wishes to seek to amend his Complaint, he may seek leave to do so within twenty-eight (28) days of this order. Although the Court declines to assess a "strike" under 28 U.S.C. § 1915(g) based on a dismissal under Fed. R. Civ. P. 12(b)(1), Plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IT IS THEREFORE ORDERED that Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction [#16] is granted. The Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). This dismissal does not count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

**SO ORDERED**　　　　　　　　　　　　　　**ENTER: 3/13/13**

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**JOHN Z. LEE**
　　　　　　　　　　　　　　　　　　　　　　　**U.S. District Judge**