# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN Z. LEE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8724 (App. No. 13-2346) | **DATE** | 7/11/13 |
| **CASE TITLE** | Gary Whitmore (#B-11545) vs. Anita Alvarez | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [#55] is denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455.00 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant, the Cook County State's Attorney, has wrongfully refused to release crime scene evidence Plaintiff wishes to have forensically tested.

By Memorandum Opinion and Order of March 13, 2013, the Court granted Defendant's motion to dismiss, finding that Plaintiff's claims (1) did not fall within the narrow category of Section 1983 claims permitted by the Supreme Court in *Skinner v. Swizter*, --- U.S. ---, 131 S. Ct. 1289 (2011), and (2) were barred by the *Rooker-Feldman* doctrine. On May 21, 2013, the Court struck Plaintiff's proposed second amended complaint, finding that the amendment would be futile, and entered final judgment.

Plaintiff has filed a notice of appeal from the final judgment and seeks leave to proceed *in forma pauperis*. However, for the reasons stated in its previous orders, the Court finds that this action does not raise a substantial issue meriting appellate review. Despite being granted multiple opportunities to do so, Plaintiff has failed to state facts indicating how Illinois' post-conviction DNA-testing statute denies him due process. Adverse rulings are not equivalent to a denial of due process. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000).

**(CONTINUED)**

mjm

|**STATEMENT (continued)**|
|---|

      Under the rules of the U.S. Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

      In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

      Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

      The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.